UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:

DAVID THOMPSON

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

# COMPLAINT

The Plaintiff, DAVID THOMPSON hereby sues the Defendant, UNITED STATES OF AMERICA (hereinafter "U.S.A."), and alleges:

1. This is an action for damages in excess of seventy-five thousand U.S. Dollars ($75,000.00), exclusive of interest and costs.

2. This Court has jurisdiction under the Federal Tort Claims Act and the provisions of 28 U.S.C. §1346(b)(1) in that this is a claim against the Defendant, United States of America, for money damages, for injury caused by the negligent or wrongful acts or omissions of an employee of the United States Government while acting within the course and scope of her employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

3. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, et. seq.

4. Pursuant to the provisions of 28 U.S.C. §2675(a) and 28 U.S.C. §2401(b), the Plaintiff provided written notice, thru a Standard Form 95, to the appropriate federal agency within two years of his claim accruing, of his claim for money damages, which was accepted by the federal agency on October 23, 2023.

5. A period of more than six months has transpired since the acceptance of the claim. Accordingly, under 28 U.S.C. §2401(b), Plaintiff's tort claim against Defendant is timely.

6. Venue is proper is this district pursuant to 28 U.S.C. §1402(b), as the Plaintiff resides in the jurisdiction and the act or omission complained of occurred in the jurisdiction, namely Seminole County, Florida.

7. On January 27, 2023, Rachel Bezdek operated a motor vehicle owned by the United States Postal Service, an agency or subdivision of the U.S.A.

8. On that date, Rachel Bezdek operated the motor vehicle with the knowledge, authority, consent or permission of the United States Postal Service, an agency or subdivision of the U.S.A.

9. At all times material hereto, Rachel Bezdek was an agent, servant, or employee of the United States Postal Service, and was acting in the course and scope of her agency, service or employment with the United States Postal Service, an agency or subdivision of the U.S.A.

10. On January 27, 2023, Rachel Bezdek, was operating the motor vehicle owned by the United States Postal Service at or near the intersection of SR 46 and Longwood Markham Road, Seminole County, Florida.

11. On June 1, 2020, Plaintiff, DAVID THOMPSON was operating a motor vehicle, he owned at or near the intersection of SR 46 and Longwood Markham Road, Seminole County, Florida.

12. At that time and place, Rachel Bezdek, owed a duty to Plaintiff, DAVID THOMPSON to operate the motor vehicle she was driving in a reasonably safe manner.

13. At that time and place, Rachel Bezdek breached her duty owed to the Plaintiff by negligently and carelessly operating and/or maintaining the motor vehicle she was driving so as to collide with the motor vehicle which Plaintiff, DAVID THOMPSON occupied.

14. The negligence of the Defendant's employee, Rachel Bezdek, as described above, caused or contributed to the injuries and/or damages sustained by Plaintiff.

15. As a direct and proximate cause of the negligence of the Defendant, the Plaintiff, DAVID THOMPSON suffered or incurred injuries including, without limitation, the following:

> A. Significant and permanent loss of an important bodily function and/or permanent and significant scarring.
> B. Permanent injury within a reasonable degree of medical probability other than scarring or disfigurement;
> C. Aggravation or activation of an existing disease or physical defect;
> D. Pain, suffering, disability, physical impairment, mental anguish, inconvenience, and a loss of capacity for the enjoyment of life;

    E. Expenses of medical care and treatment in the past and in the future;
    F. Loss of wages and/or loss of earning capacity in the future; and
    G. All losses are continuing and/or permanent.

  16. These losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

  **WHEREFORE**, the Plaintiff, DAVID THOMPSON demands judgment for his injuries, damages, costs and, to the extent allowed by law, prejudgment interest against the Defendant, U.S.A.

        */s/ David Evelev*
        DAVID EVELEV, ESQ.
        Florida Bar No. 0869170
        DAN NEWLIN INJURY ATTORNEYS
        7335 W. Sand Lake Road, Suite 300
        Orlando, FL 32819
        Direct: (407) 987-3452
        Fax: (448) 205-2090
        David.Evelev@newlinlaw.com
        Evelev.pleadings@newlinlaw.com
        Attorney for Plaintiff